**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td>

THE BANK OF NEW YORK MELLON
CORPORATION, AS TRUSTEE FOR CHL
MORTGAGE PASS-THROUGH TRUST 2003-24
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2003-24,

Plaintiff,

v.

ALLEN L. FISCHER; PATRICIA L. FISCHER; ET
AL.,

Defendants.

</td><td>

**OPINION**

Civ. No. 15-01465 (WHW) (CLW)

</td></tr>
</table>

**Walls, Senior District Judge**

Plaintiff The Bank of New York Mellon Corporation ("BNY Mellon") moves to remand this mortgage foreclosure action to New Jersey Superior Court. Without oral argument under Federal Rule of Civil Procedure 78(b), the Court grants BNY Mellon's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff BNY Mellon initiated this mortgage foreclosure action in New Jersey Superior Court on January 16, 2015. Compl., ECF 1-1. BNY Mellon seeks to foreclose on Defendants Allen and Patricia Fischer's mortgaged property at 12 Saddle River Road in Woodcliff Lake, New Jersey. *Id.* Defendants removed the case to this Court, asserting that removal was appropriate under 28 U.S.C. § 1441 because this Court has federal question jurisdiction. Notice of Removal ¶ 9, ECF No. 1. Defendants indicate that federal question jurisdiction arises from federal law counterclaims they intend to assert against Plaintiff. *Id.* Defendants filed their Notice of Removal on February 26, 2015, but because of a "clerical error," they did not serve Plaintiff with the Notice of Removal or otherwise notify Plaintiff about the removal until April 14, 2015. Defs.' Mem. 2, ECF No. 7.

1

NOT FOR PUBLICATION

Thirty days after receiving notice of the removal, Plaintiff filed the present motion to remand. Mot. to Remand, ECF No. 5.

**LEGAL STANDARD**

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ., to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)). If a matter is improperly removed to federal court, a court can remand it on motion by a party made within thirty days after the notice of removal was filed. 28 U.S.C. § 1447(c). When confronted with a motion to remand, the removing party has the burden of proving that removal was proper. *Id.*; *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004).

**DISCUSSION**

**1. Plaintiff's Motion to Remand Is Timely**

As an initial matter, the Court finds that Plaintiff's motion to remand is timely. 28 U.S.C. Section 1447(c) provides that "[a] motion to remand . . . must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). As discussed, Defendants filed their Notice of Removal on February 26, 2015 but did not notify Plaintiff of it until April 14, 2015, more than thirty days later. Defs.' Mem. 2. Without notice,[1] Plaintiff had no opportunity to move to remand within the thirty day period provided by Section 1447(c). "In these circumstances, it is appropriate that the statutory time period for filing a remand motion be

---

[1] 28 U.S.C. § 1446(d) required Defendants to give Plaintiff written notice "[p]romptly" after filing the notice of removal.

2

**NOT FOR PUBLICATION**

equitably tolled." *Byfield v. Niaz*, Civ. No. 00-6572, 2001 WL 25705, at *2 (S.D.N.Y. Jan. 10, 2001) (tolling thirty-day deadline under Section 1447(c) because of 28-day delay in serving plaintiffs with notice of removal); *see also Doyle v. Staples*, Civ. No. 99-6062, 2000 WL 194685, at *2 (E.D.N.Y. Feb. 18, 2000) (tolling thirty-day deadline under Section 1447(c) because of 2.5 month delay in providing notice). Given Defendants' delay of over six weeks in notifying Plaintiff of the removal, equitable tolling is appropriate and Plaintiff's motion to remand is timely.

### 2. Remand Is Warranted Because Removal Was Improper

Plaintiff argues that removal of this action was improper for a number of reasons and that it should be remanded to New Jersey Superior Court. Pl.'s Mem. 4, ECF No. 5-1. The Court agrees that removal was improper and that remand is warranted.

Defendants' Notice of Removal indicates that removal was predicated on this Court's federal question jurisdiction. No federal question appears on the face of Plaintiff's mortgage foreclosure complaint, which seeks foreclosure under state law. *See* Compl. Defendants claim that federal question jurisdiction exists, however, "because the defendant's claim arise[s] from violation of the Real Estate Settlement Procedures Act," a federal statute. Notice of Removal ¶ 9. Anticipated counterclaims do not confer federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 229 U.S 109, 112-13 (1936)). The Supreme Court has made clear that for purposes of removal, federal question jurisdiction is determined only by reference to the plaintiff's complaint, without any reference to a defendant's counterclaims. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Vaden v. Discover Bank*, 556 U.S.

**NOT FOR PUBLICATION**

49, 60 (2009) (stating that federal jurisdiction cannot rest upon an actual or anticipated counterclaim). Because Plaintiff's complaint presents no federal question, removal of this action on the basis of this Court's federal question jurisdiction was improper.

Despite predicating their removal on federal question jurisdiction, Defendants now argue in their opposition papers that this Court has diversity jurisdiction over this matter. Defs.' Mem. 7. While this may be true, it does not remedy the procedural defectiveness of Defendants' removal on federal question grounds.[2] Defendants' removal was procedurally defective, and remand is warranted.

**CONCLUSION**

Plaintiff's motion to remand is granted. An appropriate order follows.

Date: July 28, 2015

Hon. William H. Walls
United States Senior District Judge

---

[2] Defendants could not have removed on diversity grounds because they are New Jersey citizens. 28 U.S.C. § 1441(b)(2) (barring defendant from removing state actions to federal court in their home states).